Schuman's Village Square Drugs, Inc., Plaintiff,
v. Joseph Stern, Earl P. Collins, Sol S. Turnoff,
Donald Bell and George J. Haggerty, Defendants.

Argued June 3, 1974, before President Judge BOW-
MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON,
JR., MENCER, ROGERS and BLATT.

*George M. Painter, III,* for plaintiff.

*Gerry J. Elman,* Deputy Attorney General, with him
*Lawrence Silver,* Deputy Attorney General, and *Israel
Packel,* Attorney General, for defendants.

OPINION BY JUDGE ROGERS, July 19, 1974:

Schuman's Village Square Drugs, Inc. here sues
members of the Pennsylvania State Board of Pharmacy
in trespass seeking compensatory and punitive damages.
It alleges that the defendants, as members of the Board,
first maliciously delayed considering its application for
a pharmacy permit and then maliciously refused to is-
sue the permit. The complaint contains no statement
of the facts upon which the charges of malice are based.

The defendants have filed preliminary objections raising the issue of their immunity from suit based upon acts performed in their official and quasi-judicial capacity.

The complaint herein was filed and argument on the defendants' preliminary objections conducted prior to the filing of our opinion and order affirming the State Board of Pharmacy's order denying the plaintiff's application for the permit in question. *Schuman's Village Square Drugs, Inc. v. Commonwealth of Pennsylvania, State Board of Pharmacy*, 13 Pa. Commonwealth Ct. 456, 322 A. 2d 431 (1974). Judge BLATT'S opinion in the cited case fully sets forth the facts supporting the denial of the Board's permit and contains the conclusion that ". . . the duly constituted Board, acting in a proper manner, made findings of fact based on substantial evidence and clearly set out in its adjudication the questions of law based thereon."[1]

We are compelled to sustain the defendants' objection. In *DuBree, Jr., Executor v. Commonwealth*, 8 Pa. Commonwealth Ct. 567, 303 A. 2d 530 (1973), we affirmed the action of a lower court sustaining preliminary objections to a complaint seeking damages allegedly caused by the negligence of officials of the Department of Highways. We there held that high public officials when acting officially have an absolute immunity. In *McCoy, Executor v. Liquor Control Board*, 9 Pa. Commonwealth Ct. 107, 305 A. 2d 746 (1973), we sustained preliminary objections to a complaint alleging improper performance of official duties by a number of state officials, including members of the Liquor Control Board. In *Koynok v. Commonwealth*, 12 Pa.

---

[1] This reference to the administrative proceeding is made solely for the purpose of completeness. We recognize the principle that ordinarily we may not take judicial notice of records made in other proceedings. *Naffah v. City Deposit Bank*, 339 Pa. 157, 13 A. 2d 63 (1940).

Commonwealth Ct. 375, 316 A. 2d 118 (1974), we sustained preliminary objections to a complaint seeking damages from the State Board of Private Academic Schools for an allegedly improper evaluation of the plaintiff's private academy. We have no hesitancy in holding that members of the State Board of Pharmacy are high public officials. We further note that the defendants' activities complained of were not only official but quasi-judicial in nature.

The recent case of *Scheuer v. Rhodes*, 416 U.S. 232 (1974), holding that State officials have no absolute immunity from actions under the Civil Rights Act of 1871, 42 U.S.C. §1983, is not authority contrary to our decisions in the cases cited.

### ORDER

AND Now, this 19th day of July, 1974, the defendants' preliminary objection based upon immunity is sustained; and the plaintiff's complaint is dismissed.