Commonwealth of Pennsylvania ex rel. Milk Marketing Board and on behalf of 25 Pennsylvania Milk Producers, Plaintiff *v.* Sunnybrook Dairies, Inc., Dairy Fresh Food Corp., James W. O'Mara, James E. O'Mara and Mary K. O'Mara, Defendants.

314

Submitted on briefs, September 15, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Rogers and Blatt. Judge Mencer did not participate.

*Walter J. Sullivan,* Chief Counsel, for plaintiff.

*Charles E. Wasilefski,* with him *Hurwitz, Klein, Benjamin & Angino,* for defendants.

Opinion by President Judge Bowman, November 2, 1977:

We are here concerned with preliminary objections of plaintiff, Milk Marketing Board (Board), to a coun-

terclaim by defendant, Sunnybrook Dairies, Inc. (Sunnybrook),[1] to the Board's complaint alleging violations by Sunnybrook of the Milk Marketing Law.[2]

The facts giving rise to the instant dispute are set forth in detail in our opinion denying Sunnybrook's preliminary objections to the Board's complaint.[3] Briefly, the alleged violations center around asserted attempts by Sunnybrook to escape the minimum price and bonding provisions of the Milk Marketing Law by falsifying its 1975-76 license application and by failing to pay twenty-five individual milk producers the minimum prices established by the Milk Marketing Board. Sunnybrook responded to this complaint by filing preliminary objections. Upon denial of said objections, answers were filed. Included in Sunnybrook's answer is a counterclaim alleging a wrongful refusal by the Board to reissue a milk dealer's license, libel and slander by Board employees, and seeking, among other reliefs, damages in the amount of $365,000.00. The first claim is objected to by the Board as barred by a prior Order of this Court dismissing an appeal from the Board's determination not to reissue Sunnybrook's license, and the tort damage claim is asserted to be barred by the doctrine of sovereign immunity.

A threshold issue has been joined regarding the propriety of raising the defenses of res judicata and sovereign immunity by means of preliminary objections to a defendant's counterclaim. The plaintiff's attack on a counterclaim is fundamentally the same

---

[1] Other named defendants are Dairy Fresh Food Corp., a New York corporation unlicensed in Pennsylvania, and the alleged co-owners, officers and directors of the two corporations.

[2] Act of April 28, 1937, P.L. 417, *as amended*, 31 P.S. §700j-101 et seq.

[3] *See Commonwealth ex rel. Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 29 Pa. Commonwealth Ct. 210, 370 A.2d 765 (1977).

as the defendant's attack on the complaint, and ordinarily requires a responsive pleading. *See* Pa. R.C.P. Nos. 1030, 1031. We have, however, acknowledged preliminary objection to be a proper vehicle for raising sovereign immunity when that defense is apparent on the face of the pleadings. *Harris v. Rundle,* 27 Pa. Commonwealth Ct. 445, 366 A.2d 970 (1976); *Schuman's Village Square Drugs, Inc. v. Stern,* 14 Pa. Commonwealth Ct. 559, 322 A.2d 431 (1974). In addition, we note that at the same time Sunnybrook complains the Board has failed to abide by the Rules of Civil Procedure, it too has run afoul of the same Rules. The proper manner by which to raise the challenge here asserted would have been a preliminary objection in the nature of a motion to strike for lack of conformity to law or rule of court. *See* Pa. R.C.P. No. 1017(b)(2); *Rufo v. Bastian-Blessing Co.,* 417 Pa. 107, 207 A.2d 823 (1965). Because of this disregard for the Rules of Civil Procedure, and because we feel the defense to be apparent on the face of the counterclaim, the interests of judicial economy require that we address the merits of the Board's objection. *See Freach v. Commonwealth,* 471 Pa. 558, n.6, 370 A. 2d 1163, 1166-67 n. 6 (1977); *Walter v. Commonwealth,* 30 Pa. Commonwealth Ct. 248, 250 n. 3, 373 A.2d 771, 772 n. 3 (1977).

We have noted also an exception to the responsive pleading requirement arising in those circumstances wherein the complaint, or counterclaim, itself refers to a prior action rendering an assertion of res judicata apparent on its face. In such instances, a defense of res judicata may be raised and disposed of by way of preliminary objection.[4] *Callery v. Blythe Township Municipal Authority,* 432 Pa. 307, 243 A.2d 385 (1968);

---

[4] The original rule stems from the historic condemnation of "speaking demurrers" and the fact that a court may not ordinarily take judicial notice in one case of records in another even though

*Chivers v. School District of Mt. Lebanon,* 6 Pa. Commonwealth Ct. 622, 297 A.2d 187 (1972).

We must reserve judgment, however, as to whether or not an allusion to a prior administrative adjudication incorporates by implication any subsequent appeals from that adjudication.[5] We note simply that Sunnybrook's attempt to counterclaim upon the basis of this adjudication is an effort to appeal collaterally a Board determination for which the thirty-day appeal period has long since expired.[6]

With respect to the Board's defense of sovereign immunity, Sunnybrook would have us hold that the Board has waived its immunity by virtue of filing the initial complaint.[7] Our Supreme Court reminds us, however that

the second case arose in the same court and the contestants are known to the court. *Callery v. Blythe Township Municipal Authority, supra; Naffah v. City Deposit Bank,* 339 Pa. 157, 13 A.2d 63 (1940).

[5] Paragraph twenty-eight (28) of Sunnybrook's counterclaim alleges that

[t]he Commonwealth of Pennsylvania ex rel. Milk Marketing Board has wrongfully and without just cause revoked and/or failed to reissue the milk dealers license under which Sunnybrook Dairies, Inc. had been in operation for numerous years.

Although not determinative for res judicata purposes in the disposition of this case, Sunnybrook did indeed appeal this adjudication of the Milk Marketing Board. Said petition for review was dismissed November 24, 1976, for failure to comply with Pa. R.A.P. 2185 (Time for Filing Briefs).

[6] *See* Section 502 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.502; *and* Pa. R.A.P. 903.

[7] Alternatively, Sunnybrook argues that the doctrine of sovereign immunity should be abrogated altogether; clearly an untenable position. *See* Pa. Const. art. I, §11; *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* Pa. , 374 A.2d 526 (1977); *Williams v. West Chester State College,* 29 Pa. Commonwealth Ct. 240, 370 A.2d 774 (1977).

[s]o far as Pennsylvania's courts are concerned, it is only as the legislature may by law direct that suits may be brought against the Commonwealth: Pennsylvania Constitution, Art. I, Sec. 11. Nor is the State's consent any less essential where it is sought to interpose a claim against the Commonwealth by way of a set-off or counterclaim to a suit by it: . . . .

*Commonwealth v. Berks County,* 364 Pa. 447, 449, 72 A.2d 129, 130 (1950) (citations omitted); *cited with approval in Department of Public Welfare v. Ludlow Clinical Laboratories, Inc., supra* note 7, at    , 374 A.2d at 529.[8]

As the Board is an agency of the Commonwealth, sovereign immunity applies. To date, there is no legislative pronouncement in Pennsylvania which waives immunity from suit in trespass, here defamation, when an agency of the Commonwealth sues to enforce a regulatory statute. Accordingly, we will sustain the preliminary objections of the Board.

ORDER

Now, November 2, 1977, the preliminary objections of the plaintiff, Milk Marketing Board, in the nature of a demurrer, are hereby sustained, and the defendants' counterclaim is dismissed.

---

[8] In this latter case, an equally divided Supreme Court affirmed the Order of this Court in *Department of Public Welfare v. Ludlow Clinical Laboratories, Inc.,* 22 Pa. Commonwealth Ct. 614, 350 A.2d 208 (1976). The Court was divided on the issue of where jurisdiction lay to hear transactional counterclaims against the Commonwealth, the Commonwealth Court or the Board of Arbitration of Claims Against the State. The Justices were in agreement that waiver and consent were required, finding it in the Act of May 20, 1937, P.L. 728, *as amended,* 72 P.S. §4651-1 et seq., establishing the Board of Arbitration of Claims.