A. Swartz, J. Swartz and W. Tedder, Appellants v. Sophie Masloff, Robert Rade Stone and Richard Givens, Appellees.

Argued October 7, 1981, before Judges Mencer, Williams, Jr. and MacPhail, sitting as a panel of three.

*Dennis R. Joyce,* for appellants.

*Marvin A. Fein,* Associate City Solicitor, with him *Mead J. Mulvihill, Jr.,* City Solicitor, for appellees.

Opinion by Judge MacPhail, November 23, 1981:

Appellants[1] appeal to this Court[2] from an order of the Allegheny County Court of Common Pleas which

---

[1] A. Swartz, J. Swartz and W. Tedder.

[2] This appeal was originally filed with the Superior Court. Upon Appellees' petition, the Superior Court transferred the appeal to this Court pursuant to Section 705 of the Judicial Code, 42 Pa. C. S. §705.

sustained a preliminary objection of the Appellees[3] to Appellants' complaint and dismissed the action.

From the complaint we have determined that two of the Appellants are owners of a tract of real estate leased to the third appellant which real estate was condemned for use as a parking lot by the Parking Authority of the City of Pittsburgh. Appellees are identified in the complaint as individual members of the City of Pittsburgh's City Council. Appellants contend that certain actions or inaction by Appellees with respect to the condemnation of Appellants' real estate constituted malicious, wanton, and reckless misconduct on the part of Appellees with intent to cause harm to Appellants.

Appellees' preliminary objections raise the issue of (1) the jurisdiction of the court on the ground that Appellants' exclusive remedy in this matter is under the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §§1-101-1-903 and (2) the defense of the absolute immunity of Appellees as governmental officials. Our review of the trial judge's opinion in support of his order indicates to us that the trial judge sustained the preliminary objection raising the question of official immunity from suit and did not rule on the jurisdictional issue.

In the instant appeal, Appellants contend that the trial court's order is in error because the defense of immunity from suit was raised improperly by preliminary objection. and, under recent decisions of our Pennsylvania Supreme Court, Appellees are not immune from suit.

---

Section 705 permits such transfers "for consideration and decision with any matter pending in [Commonwealth Court] involving the same or related questions of fact, law or discretion." An eminent domain appeal is presently pending in this Court with respect to the condemnation of certain real estate owned or leased by Appellants. That appeal is factually related to the matter now before us.

[3] Sophie Masloff, Robert Rade Stone and Richard Givens.

Pa. R.C.P. No. 1030 states that the defense of immunity from suit, being an affirmative defense, should be raised in a responsive pleading under the heading of "New Matter''. In several cases, our Court has addressed the question of whether the defense of immunity from suit raised by preliminary objection should be stricken. In *Iudicello v. Department of Transportation*, 34 Pa. Commonwealth Ct. 361, 383 A.2d 1294 (1978), *Harris v. Rundle*, 27 Pa. Commonwealth Ct. 445, 366 A.2d 970 (1976) and *Schuman's Village Square Drugs, Inc. v. Stern*, 14 Pa. Commonwealth Ct. 559, 322 A.2d 431 (1974), we held that preliminary objection is a proper vehicle for raising sovereign immunity where the defense is apparent on the face of the pleading under attack. In *Milk Marketing Board v. Sunnybrook Dairies, Inc.*, 32 Pa. Commonwealth Ct. 313, 379 A.2d 330 (1977) we noted also that the proper manner to raise the challenge here asserted would have been by a preliminary objection to the preliminary objection in the nature of a motion to strike for lack of conformity to law or rule of court. *See Rufo v. Bastian-Blessing Co.*, 417 Pa. 107, 207 A.2d 823 (1965) and Pa. R.C.P. No. 1017(b)(2). Thus, it appears that although our Supreme Court does not condone the violation of the provisions of Pa. R.C.P. No. 1030, *Freach v. Commonwealth*, 471 Pa. 558, 564-65 n. 6, 370 A.2d 1163, 1166-67 n. 6 (1977), *overruled insofar as inconsistent with Mayle v. Pennsylvania Department of Highways*, 479 Pa. 384, 388 A.2d 709 (1978), that same Court will deem the manner by which the challenge is made to have been waived in the absence of a filing of a preliminary objection to the preliminary objection. *Rufo,* 417 Pa. at 114, 207 A.2d at 826.

Applying those principles of law to the instant case we must hold that Appellants have waived their right to challenge Appellees' preliminary objections on procedural grounds.

Having concluded that the defense of official immunity may be disposed of by preliminary objection we now consider the merits of that defense. Since the issue is before us on preliminary objection we must examine the allegations of the complaint to ascertain whether from those allegations alone it can be determined that the defense of official immunity would apply. In *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 293 (1978) our Supreme Court held that public officials no longer enjoyed immunity from suit solely because of their official positions. The Court stated that while a public servant must be free to exercise judgment in the performance of official duties without "fear of unpredictable liability", where, but for the official status of the defendant, a right of action would lie under analogous rules of law, and where the denial of immunity would not harm public policy, denial of liability can no longer be justified.

In response to the decisions of the Supreme Court which abolished sovereign, governmental and official immunity, the legislature enacted the provisions of Chapter 85 of the Judicial Code, 42 Pa. C. S. §§8501-8564. Particularly relevant to the inquiry under consideration here are Sections 8546 and 8550 of the Judicial Code, 42 Pa. C. S. §§8546 and 8550. Section 8546 provides in pertinent part as follows:

> In any action brought against an employee of a local agency for damages on account of an injury to a person or property based upon claims arising from, or reasonably related to, the office or the performance of the duties of the employee, the employee may assert on his own behalf, or the local agency may assert on his behalf:
>
> . . . .
>
> (3) The defense that the act of the employee which gave rise to the claim was within

the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law.

Section 8550 provides:

> In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply.

While the separate causes of action against each councilman contained general allegations that each councilman was negligent and that the negligence "arises to misfeasance in office and was malicious, wanton, reckless and done with intent to cause harm to the Plaintiff [sic]", the factual allegations in support of that conclusive language are totally absent. As the trial judge said in his opinion in support of his order:

> After a total review of the Plaintiff's [sic] complaint, the Court must conclude that the thrust of the Plaintiffs [sic] assertions in negligence are that the public officials used a feasibility study which was not appropriate and that certain appraisals had not been done and that a total review of the entire project should have been undertaken prior to any action by Council.

Our examination of the complaint leads us to the same conclusion. In short, the factual allegations against the Appellees, even if true, would not constitute willful

misconduct under 42 Pa. C. S. §8550 nor would they fall within the ambit of actions against public officials now permitted under *DuBree*. Rather, we are satisfied that the complained of conduct of the Appellees falls within the protection afforded by 42 Pa. C. S. §8546(3) and the mandate of *DuBree* that the policymaking discretion of public servants must be protected.

Accordingly, we affirm the order of the trial court.

### ORDER

AND Now, this 23rd day of November, 1981 the order of the Court of Common Pleas of Allegheny County entered September 3, 1980 sustaining the preliminary objection raising the defense of official immunity is affirmed.