George M. Thorpe and Judith B. Thorpe, Appellants *v.* Stephen S. Danby et al., Appellees.

Argued November 17, 1981, before President Judge CRUMLISH and Judges MENCER, ROGERS, CRAIG and MACPHAIL.

*Arthur T. Donato, Jr., Prodoehl and James,* for appellants.

*Alan R. Shaddinger, Malcolm & Riley, P.C.,* for appellees.

OPINION BY JUDGE ROGERS, August 5, 1982:

George M. Thorpe and Judith B. Thorpe, his wife, appeal from an order of the Court of Common Pleas of Delaware County, dismissing their Complaint in which they allege that the defendants, Birmingham Township and its supervisors, engaged in tortious conduct which caused the Thorpes to suffer mental anguish and distress and diminution of their good

reputation in the community.[1] They describe as the vehicle of their injuries a letter dated October 15, 1979 composed and distributed by the supervisors purporting to explain events which occurred at a supervisors meeting held October 3, 1979. The letter which is attached as an exhibit to the Complaint, describes, without explicit censure of the Thorpes or other comment, negotiations conducted by the supervisors with the Thorpes looking, apparently, to the acquisition by the township of a public easement over lands owned by the Thorpes. The letter complained of states that these negotiations were unsuccessful and that the township was accordingly compelled to acquire the land by other means.

The defendants filed preliminary objections asserting *inter alia* that the Complaint failed to state a cause of action upon which relief could be granted, that the township and its supervisors were immune from suit by the terms of the Political Subdivision Tort Claims Act (Act),[2] now at 42 Pa. C. S. §8541 *et seq.*, and that the supervisors additionally have absolute immunity from suit. The court below sustained the preliminary objections of the township and its supervisors based on the Political Subdivision Tort Claims Act and, because it was unnecessary to do so, did not discuss the defendants' other objections. We affirm.

The Thorpes here primarily argue that the Act, if construed so as to preclude the defendants' liability for the alleged injury, is violative of a number of provisions of the United States Constitution and correspond-

---

[1] The writer was assigned this opinion to write on April 23, 1982.

[2] Act of November 26, 1978, P.L. 1399, 53 P.S. §§5311.101-5311.803, repealed by Section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. These provisions are now found in Sections 8541-8564 of the Judicial Code, 42 Pa. C. S. §§8541-8564.

ing provisions of the Pennsylvania Constitution. These contentions are unavailing as the result of recent decisions of the Pennsylvania Supreme Court and this court, upholding the Act against the same challenges. *Carroll v. County of York*,     Pa.    , 437 A.2d 394 (1981); *Robson v. Penn Hills School District*, 63 Pa. Commonwealth Ct. 250, 437 A.2d 1273 (1981).

The Thorpes also renew the argument, rejected by the court below, that the Act, properly construed, does not provide immunity for the defendants. It is provided at 42 Pa. C. S. §8541 that

> except as otherwise provided in this subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by any act of the local agency or an employee thereof or any other person.

Birmingham Township is a local agency within the meaning of this provision. See 42 Pa. C. S. §8501. The circumstances under which a local agency is liable for damages to a person or his property are specified at 42 Pa. C. S. §8542(a) as follows:

> Liability imposed. — A local agency shall be liable for damages on account of an injury to a person or property within the limits set forth in this subchapter if both of the following conditions are satisfied and the injury occurs as a result of one of the acts set forth in subsection (b):
>
> (1) The damages would be recoverable under common law or a statute creating a cause of action if the injury were caused by a person not having available a defense under section 8541 (relating to governmental immunity generally) or section 8546 (relating to defense of official immunity); and
>
> (2) The injury was caused by the negligent acts of the local agency or an employee thereof

acting within the scope of his office or duties with respect to one of the categories listed in subsection (b). As used in this paragraph, "negligent acts" shall not include acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct.

Subsection (b), referred to above, provides that no act of a local agency or its employees will result in the imposition of liability unless the act is one of eight enumerated categories. These categories include, briefly, the operation of a motor vehicle in the possession or control of the local agency, the care, custody or control of personal property of others in the possession or control of the local agency, the care, custody or control of real property in the possession of the local agency (with certain exceptions), dangerous conditions of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, dangerous conditions of steam, sewer, water, gas or electric system facilities owned by the local agency, dangerous conditions of streets owned by the local agency, dangerous conditions of sidewalks within the rights-of-way of streets owned by the local agency, and the care, custody or control of animals in the possession or control of a local agency. Finally, at 42 Pa. C. S. §8545 it is provided that employees of a local agency (which term includes any member of the governing body) are "liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office or duties only to the same extent as his employing local agency...."

The Thorpes' Complaint contains the following averments:

6. That on or about October 15, 1979 the Defendants acting individually and also in concert with each other and within their scope of

authority published a letter to numerous people in Birmingham Township, a copy of this letter is attached hereto, made a part hereof and marked Exhibit "A".

7. That as a result of the letter the Plaintiffs' right to seclusion and solitude was illegally and unlawfully breached causing mental distress to the Plaintiffs.

8. That as a result of the letter the Plaintiffs' right of privacy in their private affairs were unlawfully and illegally made public thereby causing Plaintiffs mental anguish and distress.

9. That as a result of the publicity caused by the letter the Plaintiffs were put in a false light in the public eye thereby attempting to damage Plaintiff's reputation.

10. That as a result of the letter published to Plaintiffs' friends and neighbors, Plaintiffs suffered mental anguish and distress.

11. That the Plaintiffs believe and therefore aver that the letter of October 15, 1979 was published maliciously by the Defendants, individually and collectively and in their capacity of Supervisors of Birmingham Township.

Compensatory damages in the amount of Ten Thousand Dollars and punitive damages in the like amount are demanded.

It is clear, and the Thorpes concede this, that the activity of which they complain—the publication of the October 15, 1979, letter—is not an act within any of the eight categories enumerated in 42 Pa. C. S. §8542(b). We must, therefore, affirm the lower court's dismissal of the Complaint with respect to the township defendant. With respect to the named supervisors, the Thorpes offer no reason why this case is not within the general rule of 42 Pa. C. S. §8545, above, to the

effect that the liability of the employees of local agencies is co-extensive with the liability of the local agency employer.

We note that at 42 Pa. C. S. §8550 there is created an exception to the immunity granted to an employee of a local agency where "it is judicially determined that the act of the employee caused the injury and that such action constituted a crime, actual fraud, actual malice or willful misconduct...." The Thorpes do not argue that this exception has any application to their action against the supervisors. Moreover, there is no allegation in the Complaint that the supervisors' publication of the letter "constituted a crime, actual fraud, actual malice or willful misconduct."

Paragraph 11 contains the conclusionary allegation that the letter "was published maliciously" but, of course, actual malice in this context requires that the defamatory publication be false and that it be published with, at least, a high degree of awareness of possible falsity on the part of the publisher. *See St. Amant v. Thompson*, 390 U.S. 727 (1968); *New York Times Co. v. Sullivan*, 376 U.S. 254 (1964). Here it is not alleged that the letter falsely described the negotiations between the township and the Thorpes or that the supervisors published the letter knowing it to be false, or with reason to doubt its truthfulness. In sum, 42 Pa. C. S. §8550 is inapplicable and the supervisors, like the township, are here immune from suit.

Order affirmed.

## ORDER

AND Now, this 5th day of August 1982, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

Judges MENCER and PALLADINO did not participate in the decision in this case.

DISSENTING OPINION BY PRESIDENT JUDGE CRUMLISH, JR.:

I must dissent. By its decision today, this Court has abrogated the intent of the legislature to shield officials of political subdivisions *merely from negligent acts*. By extending the meaning to encompass intentional torts, the majority has cloaked political subdivision officials with an unprecedented mantle of immunity and, by doing so, has granted these officials tyrannical powers.

In my judgment, this Act was never intended to shield these officials from liability for *intentional torts*.

Section 8542 of the Act imposes liability on a political subdivision *if two conditions* are satisfied: 1) the injury was caused by a person who would be liable if not for the general immunity conveyed by §§8541 and 8546 and 2) the injury was caused by the *negligent acts* of the subdivision or its employees acting within the scope of their duties. The Act then enumerates eight acts of *negligence* for which liability may be imposed.

Further provision is made that an employee will only be liable to the extent that his employer (political subdivision) is liable; however, the Act then removes the cloak of immunity when there is a *judicial determination*, §8550, that the alleged act "constituted a crime, actual fraud, actual malice or willful misconduct...." These provisions of the Act, when read together, evidence an intent to impose personal liability on an employee when he commits an intentional tort.

Obviously, since the Act does not bar a suit against the Supervisors for these alleged intentional torts, the only immunity available as a defense to this suit would be in judicial concepts of immunity.

In *Picariello v. Commonwealth*,[1] 54 Pa. Common-

---

[1] *See also, Swartz v. Masloff*, 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981), where this Court discussed the implications of

wealth Ct. 252, 421 A.2d 477, this Court, in addressing similar issues raised under the Sovereign Immunity Act, concluded that a suit against the Commonwealth and Department of Revenue was barred because the alleged defamation, invasion of privacy and infliction of emotional distress actions failed to fit within any of the enumerated exceptions to sovereign immunity. This Court then addressed the issue of whether the *Secretary of the Department of Revenue* would also be immune from suit. In doing so, this Court did not grant blanket immunity by asserting, as this Court had today, that these actions did not fit within the enumerated categories of liability. Instead, we applied the guidelines enunciated in *DuBree v. Commonwealth*, 481 Pa. 540, 393 A.2d 292 (1979), stating:

> DuBree holds that a public official shall *not* be shielded by immunity where three elements conjoin: (1) under analogous rules of law, involving a predictable standard of care, a right of action would lie; (2) available remedies have not been left unused by the plaintiff; and (3) no public policy would be promoted by a shield of official immunity. (Emphasis added.)

*Id.* at 259, 421 A.2d at 481.

---

the Supreme Court's abolition of the doctrines of sovereign and official immunity. In examining the complaint in that case, this Court concluded:

> [T]he factual allegations against the Appellees, even if true would not constitute willful misconduct under 42 Pa. C. S. §8550 nor would they fall within the ambit of actions against public officials now permitted under DuBree. Rather, we are satisfied that the complained of conduct of the Appellees falls within the protection afforded by 42 Pa. C. S. §8546(3) and the mandate of DuBree that the policymaking discretion of public servants must be protected.

*Id.* at 527, 437 A.2d at 475.

I would assert that this same reasoning is applicable here.[2] Considering the reasoning of *DuBree*, I would hold that, as in *Picariello*, nothing in the pleadings[3] has addressed the issue of whether public policy would be best served by shielding these officials. The pleadings are so general as to prevent a *judicial determination* as to the public policy issue.

I would overrule the preliminary objections of the Supervisors with leave to amend the pleadings.[4]

---

[2] *See The Political Subdivision Tort Claims Act: Pennsylvania's Response to the Problems of Municipal Tort Liability*, 84 Dick L. Rev. 717, 750 (1980). This article discusses the very point raised before this Court, *i.e.*, whether the Act was ever intended to allow immunity for intentional torts and also concludes that the legislature could never have intended the result reached by the majority.

[3] I believe the first two elements of the *DuBree* test are present here, *i.e.*, a cause of action which may be measured against a predictable standard of care, and no other available remedy, because the suit against the *Township* is barred by the Act.

[4] *See* Pa. R.C.P. No. 1028(d).