## Erney v. Wunsch

*Frank J. Goldenberg, William B. Anstine, Jr.,* for plaintiffs.

*Matthew J. Creme, Jr.,* for defendant.

*Patricia A. Butler,* for additional defendants Betty A. Fadeley and Manchester Borough.

*William A. Addams,* for additional defendant Northeastern School District.

BUCKINGHAM, *J.*, July 7, 1983—This matter is before the court on the motion of the additional defendants, for summary judgment. Defendant has requested oral argument but we believe that the issues are sufficiently clear so as to make such argument unnecessary.

At approximately 7:50 a.m. on January 28, 1981, a school bus operated by plaintiff Rita Erney collided with an automobile driven by defendant Sherrie Wunsch. The accident occurred at the intersection of Hartman and Maple Streets in the Borough of Manchester, York County, Pa. Mrs. Erney had been driving southbound on Hartman Street and Mrs. Wunsch had been driving westbound on Maple Street. The portion of Maple Street in the vicinity of the Hartman intersection is marked as a "school zone" and accompanied by a warning with flashing lights due to the proximity of Northeastern Senior High School. Additional defendant Betty Fadeley, a school crossing guard, was supervising traffic at the intersection at the time of the accident. Mrs. Fadeley was an employee of additional defendants Northeastern School District and Manchester Borough.

Mrs. Wunsch was proceeding west on Maple Street. A block in advance of the intersection, Mrs. Wunsch saw Mrs. Fadeley stationed at the intersection of Maple and Hartman Streets wearing orange blaze clothing and holding a "stop" sign in one hand. Mrs. Wunsch, although she noticed that eastbound Maple Street traffic had stopped, claims she believed Mrs. Fadeley was monitoring her through the intersection and continued at the same rate of speed.

Mrs. Erney, after discharging students at the high school, traveled down Hartman Street to a stop sign at the intersection. After coming to a complete

stop, Mrs. Erney checked traffic in both directions, then proceeded into the intersection at what she claims was the motion of Mrs. Fadeley. The school bus driven by Mrs. Erney struck the right side of Mrs. Wunsch's vehicle behind the front wheel. The collision occurred when Mrs. Erney was about three-fourths of the way into the intersection.

Defendant and plaintiffs aver that the accident was the direct result of additional defendant Fadeley's negligent, careless, and reckless performance of her duties as a school crossing guard. Additional defendants Manchester Borough and Northeastern School District are alleged to be liable to plaintiffs for the alleged negligence of additional defendant Fadeley on the basis of respondeat superior.

The issues are whether plaintiffs and defendant have failed to raise a genuine question of material fact concerning additional defendants in light of the pleadings, testimony at the depositions, and the applicability of the governmental immunity provisions of 42 Pa.C.S. §§8541-8564.

The additional defendants are entitled to summary judgment in this action under the governmental and official immunity provisions of 42 Pa.C.S. §§8541-8564 (1982) because defendant and plaintiffs have failed to raise any "genuine questions of material fact," Pa.R.C.P. 1035(b), concerning any exceptions to governmental or official immunity. Summary judgment is proper when a claim of immunity is established. Zinna v. McDougald, 71D.&C.2d 271 (1975).

The additional defendants are immune from liability in this action because of the governmental and official immunity provisions of the Act of October 5, 1980, P.L. 693, 42 Pa.C.S. §§8541-8564 (1982). Sections 8541-8564 became effective in De-

cember 1980 and represent a recodification, with minor changes, of the Political Subdivision Tort Claims Act, Act of November 26, 1978, P.L. 1399, 53 P.S. §5311.101 et seq., repealed by section 333 of the JARA Continuation Act of 1980, Act of October 5, 1980, P.L. 693, 42 P.S. §20043. The recodification controls in the instant case because the action arises out of an incident occurring on January 28, 1981.

Section 8541 provides that "no local agency shall be liable for any damages on account of any injury to a person or property caused by any local agency or an employee thereof or any other person." 42 Pa.C.S. §8541 (1982). For the purposes of this section, "local agency" is defined as "[a] government unit other than the Commonwealth government." 42 Pa.C.S. §8501 (1982). The use of the words "local agency" represents a change in the wording from the original act which used "political subdivision." The new language has been interpreted to include townships, Thorpe v. Danby, 68 Pa. Commw. 138, 448 A.2d 676 677 (1982), and school districts, Bliss v. Allentown Public Library, 534 F. Supp. 356, 358 (E.D., Pa. 1982). Accordingly, Manchester Borough and Northeastern School District satisfy the definition of "local agency." Further, an "employee" of a government unit is defined in the same section as a "person who is acting or who has acted on behalf of a government unit" such as additional defendant Betty Fadeley is alleged to have acted. 42 Pa.C.S. §8501 (1982). An employee is granted immunity "to the same extent as (her) employing local agency." 42 Pa.C.S. §8545 (1982).

While 42 Pa.C.S. §8542 (1982) lists several exceptions to governmental immunity, it is clear from the pleadings and the language of the statute that none of the exceptions apply here. Liability will be

imposed on a local agency or its employee for negligent acts with respect to the operation of a motor vehicle, the care, custody, or control of personal property, real property, or animals, or the maintenance of a dangerous condition with respect to trees, traffic controls, sidewalks, utility service facilities, streets, and street lighting. 42 Pa.C.S. §8542(b)(1) (1982).

Of the eight exceptions listed in §8542, only two can be construed remotely applicable. One of the exceptions is found in subsection (b)(4). A local agency or an employee can be held liable for:

"A dangerous condition of trees, traffic signs, lights or other traffic controls, street lights or street lighting systems under the care, custody or control of the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(4) (1982). The pleadings do not aver that any of the additional defendants were negligent in the maintenance of a dangerous condition of traffic lights, street lighting systems or trees. Accordingly, exception four to governmental immunity is inapplicable unless a school crossing guard qualifies as a "traffic control."

A school crossing guard does not qualify as a "traffic control" when this phrase is viewed in context. Under the statutory construction provisions of Pennsylvania law, "[g]eneral words shall be construed to take their meaning and be restricted by preceding particular words." 1 Pa.C.S. §1903(b) (Supp. 1982). Moreover, Pennsylvania courts follow

the doctrine of noscitur a sociis and ascertain the meaning of a doubtful word by reference to words associated with it. See e.g. Ford v. Unemployment Compensation Board, 168 Pa. Super. 446, 79 A.2d 121 (1951). If there is any ambiguity with reference to the phrase "traffic controls," this ambiguity must be resolved by making reference to other terms. Each of the other objects in subsection (b)(4) are inanimate, non-human things. For example, "other traffic controls" may include a multitude of other nonhuman devices such as signs, painted lines or arrows on the street, and other painted directional markings. Under the circumstances, a school crossing guard is not a "traffic control" as contemplated in §8542(b)(4) (1982).

This is what Judge Caldwell, then of the Dauphin County bench, now of the Federal Court, held in Brennan v. Davis on April 16, 1981.

The second exception remotely applicable here is found in §8542(b)(6)(i) (1982). Under this subsection, government immunity does not apply to:

"A dangerous condition of streets owned by the local agency, except that the claimant to recover must establish that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred and that the local agency had actual notice or could reasonably be charged with notice under the circumstances of the dangerous condition at a sufficient time prior to the event to have taken measures to protect against the dangerous condition." 42 Pa.C.S. §8542(b)(6)(i) (1982). The pleadings do not claim that any of the additional defendants negligently maintained a dangerous condition of the streets. Thus, this exception is inapplicable unless a school crossing guard is a dangerous street condition.

Common sense and ordinary usage dictate that a person cannot be a dangerous condition of the streets. Pennsylvania law concerning statutory construction requires that words and phrases "be construed according to their common and approved usage." 1 Pa.C.S. §1982(a) (Supp. 1982). This section foresees potholes, piles of dirt, cracks, improperly maintained curbs, improperly lined markings, etc., not persons.

Accordingly, none of the eight exceptions to governmental immunity concerning the negligent conduct of a local agency or its employee is applicable in this action. It is conceivable, however, that plaintiffs or defendant will argue that Mrs. Fadeley is excepted from official immunity by reason of willful misconduct.

Official immunity does not apply to an employee of a local agency when "it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice, or willful misconduct." 42 Pa.C.S. §8850 (1982). Defendant alleges that Mrs. Fadeley is liable for her negligent, careless, and reckless conduct. Plaintiffs allege that Mrs. Fadeley caused the accident by her conduct, activities, omissions, or negligence. Thus, it has not been pleaded that Mrs. Fadeley is liable for criminal conduct, fraud, or malice willful misconduct. Even if such a claim were made, it would be erroneous under the circumstances regardless of the pleadings.

Defendant submits for the first time in her brief that additional defendant Manchester Borough and Northeastern School District are liable for willful misconduct pursuant to 42 Pa.C.S. §8850. It is contended that the failure to instruct Mrs. Fadeley in the performance of her duties as a school crossing guard constitutes willful misconduct. This conten-

tion has no merit. Defendant provides no evidentiary support from the testimony at the depositions to raise a genuine issue of material fact. That is, it has not been shown that Manchester Borough or Northeastern School District had prior knowledge of the peril to plaintiff or were willing to or desirous of incurring injury to plaintiff by their alleged omission to instruct Mrs. Fadeley on her duties or that they were aware that the injury to plaintiff was substantially certain to ensue or had a conscious indifference to the perpetration of the injury to plaintiff, which is necessary under the case law to show willful misconduct. See Goss v. Baltimore & Ohio Railroad Co., 355 F.2d 649 (3d. Cir. 1966); Saayble v. Penn Central Transportation Co., 438 F. Supp. 65, 69 (E.D., Pa. 1977); Geelen v. Pennsylvania Railroad Co., 400 Pa. 240, 161 A.2d 595 (1960); Kasanovich v. George, 348 Pa. 199, 34 A.2d 523 (1943) and Hucaluk v. Clyde Realty Co., 378 Pa. 169, 106 A.2d 829 (1954).

The Restatement (Second) Torts defines "wanton or wilful misconduct" this way:

"§500. Reckless Disregard of Safety Defined

The actor's conduct is in reckless disregard of the safety of another if he does an act or intentionally fails to do an act which it is his duty to the other to do, knowing or having reason to know of facts which would lead a reasonable man to realize, not only that his conduct creates an unreasonable risk of physical harm to another, but also that such risk is substantially greater than that which is necessary to make his conduct negligent."

It is obvious that none of the actions of any of additional defendants fall within the purview of the restatement or the case law to which we have heretofore referred.

Moreover, defendant raised the issue of wilful misconduct on the part of additional defendants in her brief, not in any pleading. It has always been the law that this is not proper. Issues must be raised by pleadings not by brief.

Finally, even if she could have raised the issue by her brief, defendant is now barred from raising this issue. She joined additional defendants only on the theory of respondeat superior. Defendant's claim that additional defendants failed to adequately instruct the crossing guard constitutes an entirely new basis for liability and is being raised after the statute of limitations has passed. The cause of action in this case accrued on the date of the accident, January 28, 1981 and defendant's brief was filed June 20, 1983, well beyond the two-year statute of limitations in 42 Pa.C.S. §5524.

We shall enter an order in consonance with this opinion.

## ORDER

And now, this July 7, 1983, the motion of additional defendants for summary judgment is granted.

An exception is granted to plaintiffs and defendant.