## Vassia v. Dule

*John M. Kucha,* for plaintiff.
*Charles A. Shaffer,* for defendants.

PODCASY, *J.,* March 7, 1985—Prior to September 6, 1983, plaintiff, Sylvia Vassia, held the position of Secretary of Newport Township. On September

6, 1983 defendants, members of the Board of Commissioners of Newport Township, met and voted to discharge plaintiff from her employment with Newport Township. On August 8, 1984 plaintiff filed a complaint alleging her termination was "intentional, arbitrary, in bad faith, and contrary to public policy." Subsequent thereto, defendants filed an answer stating that plaintiff was terminated for cause; and new matter was raised alleging the affirmative defenses of a bar to the action by reason of governmental or official immunity and the running of statute of limitations. On the basis of the pleading, defendants filed a motion for judgment on the pleadings which is presently before the court.

42 Pa.C.S. §5522(b)(1) states:

"Commencement of action required—The following actions and proceedings must be commenced within six months:

(1) An action against any officer of any government unit for anything done in the execution of his office, except an action subject to another limitation specified in this subchapter."

In that this action was filed after the running of the six-month statute of limitations, and that the cause of action alleged in plaintiff's complaint is not subject to another limitation period specified in 42 Pa.C.S. §5521 et seq., the action is barred and defendants' affirmative defense on this issue is meritorious. Further, the statute of limitations relative to this type of cause of action does not provide an exception that failure to file the action within the limitation period would not be a bar if the government unit had actual or constructive notice of the incident or condition giving rise to the claim such as is clearly specified in 42 Pa.C.S. §5522(a)(3)(iii). Therefore, the fact that defendants were aware that plaintiff had secured legal counsel and negotiations

of this matter were contemplated did not toll the running of the statute of limitations.

On the issue of governmental immunity, 42 Pa.C.S. §8541 et seq. would not be applicable to this matter in that the action was brought against the individuals who comprised the Board of Commissioners of Newport Township and not a governmental unit or agency.

As to the issue of official immunity, a review of 42 Pa.C.S. §8485 et seq. supports defendants' affirmative defense unless 42 Pa.C.S. §8550 is applicable as argued by plaintiffs and it can be shown that the official/officials acted with "actual malice or willful misconduct." In order to construe this provision, it is necessary to look to the entire subchapter providing for official immunity. As is relative to the matter before us, the defense of official immunity can be asserted in the following circumstances:

". . . the conduct of the employee which gave rise to the claim was authorized or required by law, or that he in good faith reasonably believed the conduct was authorized by law." 42 Pa.C.S. §8546(2).

". . . the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policymaking discretion granted to such person by law." 42 Pa.C.S. §8546(3).

It goes without saying that the Board of Commissioners of Newport Township is authorized by law to hire and fire employees of Newport Township; and the board is the duly elected body to have policymaking discretion for and in behalf of the municipality. 53 P.S., §50502; 53 P.S., §55901. In the

matter before us, the question arises as to whether defendants as members of the Board of Commissioners of Newport Township terminated plaintiff on the basis of actual malice or willful misconduct. A review of the pleadings in light of defendants' motion does not provide factual averments to establish actual malice or willful misconduct as required by 42 Pa.C.S. §8550. Plaintiff alleges the termination resulted from the fact that she testified as a Commonwealth witness against Defendant, William Eckrote, and that the discharge was "intentional, arbitrary, in bad faith, and contrary to public policy." Defendants in their answer deny this and provide numerous allegations as to plaintiffs incompetency. Admitting as true all of the facts pleaded by plaintiff, the averments in the complaint and answer to new matter do not factually constitute actual malice or willful misconduct by defendants, and in their official capacities, they can assert the defense where their conduct was authorized or required by law and where the members of the governing body are within the policymkaing discretion granted to such persons by law. Swartz v. Masloff, 62 Pa. Commw. 522, 437 A.2d 472 (1981); Lynch v. Johnson, 76 Pa. Commw. 8, 483 A.2d 87 (1983); DuBree v. Commonwealth, 481 Pa. 540, 393 A.2d 293 (1978).

## ORDER

The motion for judgment on the pleadings filed in the above-captioned matter is hereby granted.

It is hereby ordered and directed that judgment on the pleadings be entered in favor of defendants, Daniel A. Dule, et al., and against plaintiff, Sylvia Vassia.