## Neil v. Nepa

*Morely M. Azorsky,* for plaintiff.
*John M. Purcell, James T. Davis,* for defendants.

FRANKS, *J.,* October 11, 1985—This matter is before the court on defendants' preliminary objections in the nature of a demurrer. We sustain all of the preliminary objections with leave to plaintiff to amend his complaint as to some of them.

The action was commenced on behalf of minor plaintiff who allegedly suffered injuries when corporal punishment was administered to him by the individual defendant, Joseph Nepa, Principal of Cox-Donahey Elementary School in the Brownsville Area School District. Plaintiff alleges that the corporal punishment was in violation of the school district's policy which prohibited the use of such punishment if a parent has stated in writing to the school district that a child is not to be subjected to corporal punishment by school personnel. In the instant situation, it is averred that such prior written notice was filed with the school district. Defendants' preliminary objections seek dismissal of the complaint based upon governmental immunity, official

immunity, and for lack of proper averment of damages.

## ·DISCUSSION

Pa.R.C.P. 1030 requires that immunity from suit "shall be pleaded in a responsive pleading under the heading 'new matter'." However, case law has held that although our Supreme Court does not condone the violation of this rule, it will be deemed waived if not challenged by the filing of a preliminary objection to the preliminary objection raising the immunity defense. Freach v. Commonwealth, 471 Pa. 558, 370 A.2d 1163 (1977), Swartz v. Masloff, 62 Pa. Commw. 522, 437 A.2d 472 (1981). Therefore, the preliminary objections will be met.

We conclude that the action against defendant school district is barred by governmental immunity. ·Governmental immunity is defined as follows:

"Except as otherwise provided in the subchapter, no local agency shall be liable for any damages on account of any injury to a person or property caused by the act of the local agency or an employee thereof or any other person." 42 Pa.C.S. §8541. The exceptions referred to in this statute for the imposition of liability are acts in reference to (1) vehicle liability; (2) care, custody, or control of personal property; (3) real property; (4) trees, traffic controls, and street lighting; (5) utility service facilities; (6) streets; (7) sidewalks; and (8) care, custody, or control of animals. 42 Pa.C.S. §8542(b). Clearly, since the discipline punishment of school children does not fall within any of the recited exceptions, the Brownsville Area School District as a local agency is immune from tort liability.

In regard to the liability of the individual defendant, Nepa, he would be shielded from tort liability in

this case under the language of §8545 of the act. That section reads:

"A employee of a local agency is liable for civil damages on account of any injury to a person or property caused by acts of the employee which are within the scope of his office of duties only to the same extent as his employing local agency and sub-. ject to the limitations imposed by the subchapter." 42 Pa.C.S. §8545. Inasmuch as defendant school district is not liable to the minor plaintiff because of governmental immunity, defendant Nepa would not be liable because of the official immunity statute as he is an employee of a local agency, the school district.

However, where a plaintiff seeks damages from an individual who assert official immunity, and the individual, although an employee of a local agency, acts outside of his office or duties, then under §8545 of the act, he could be personally liable for any tortious conduct. Moreover, if the complaint avers willful misconduct, the employee of a local agency under §8550 may be liable for such willful misconduct. 42 Pa.C.S. §8550. See also: 4 Standard Pennsylvania Practice 2d §23.8. We will, therefore, permit plaintiff in this case to amend his complaint, if he desires, to aver Nepa's tortious acts outside the scope of his office or duties, or to aver willful misconduct. Of course, the individual defendant, Nepa, may file timely objections to any such allegations.

The court also directed the plaintiff to plead his damages with more specificity in accordance with 42 Pa.C.S. §8553(c).