# Standard Concrete Products Co. v. Advanced Industrial Services Inc.

*Thomas R. Davies,* for plaintiff.
*Michael W. Flannelly,* for defendant.

CASSIMATIS, *J.,* February 7, 1991 — This matter is before the court pursuant to preliminary objections in the form of a motion to strike filed by plaintiff, Standard Concrete Products Company, to the counterclaim of defendant, Advanced Industrial Services Inc.* For the reasons set forth below, the preliminary objections of plaintiff are granted and defendant's counterclaim is dismissed.

Between approximately May 15, 1989 and October 18, 1989, plaintiff supplied to defendant various goods and materials in the nature of building supplies. On January 23, 1990, plaintiff filed an assumpsit action for goods, services and materials furnished to defendant by plaintiff in District Justice Court 19-2-02, Dallastown, Pennsylvania. Defendant then

---

* The proper manner by which to raise the challenge here asserted would have been a preliminary objection in the nature of a motion to strike for lack of conformity to law or rule of court. See Pa.R.C.P. 1017(b)(2). *Commonwealth of Pennsylvania ex rel. Milk Marketing Board and on behalf of 25 Pennsylvania Milk Producers v. Sunnybrook Dairies Inc. et al.,* 32 Pa. Commw. 313, 316, 379 A.2d 330, 332 (1977).

filed a counterclaim against plaintiff for installation services rendered which was consolidated with plaintiff's claim against defendant.

On July 13, 1990, District Justice John W. LaFean entered judgment for plaintiff and against defendant on plaintiff's original complaint. Also on the same date, District Justice LaFean entered judgment for plaintiff and against defendant on the defendant's counterclaim. On July 24, 1990, defendant filed a notice of appeal from District Justice LaFean's judgment on plaintiff's claim against defendant along with a praecipe to enter rule to file complaint and rule to file. Plaintiff filed its complaint on August 13, 1990 and defendant its answer and counterclaim on August 31, 1990.

Plaintiff argues that defendant's failure to timely appeal its claim against plaintiff precludes defendant from raising that claim in the nature of a counterclaim against plaintiff.

The pertinent sections regarding appellate proceedings with respect to judgments and other decisions of district justices in civil matters reads as follows:

"Rule 1001. *Definitions*"

"As used in this chapter:

"(1) 'Judgment' means a judgment rendered by a district justice under Rule 319, 322 or 514.

"(2) 'Appeal' means an appeal from a judgment to the court of common pleas.

"(6) 'Claimant' includes a defendant with respect to a defendant's cross-complaint in the action before the district justice.

"(7) 'Defendant' includes a plaintiff with respect to the defendant's cross-complaint in the action before the district justice.

## "Rule 1002. *Time and Method of Appeal*"

"A party aggrieved by a judgment may appeal therefrom within 30 days after the date of the judgment by filing with the prothonotary of the court of common pleas a notice of appeal on a form which shall be prescribed by the state court administrator.

### *"Involving Cross-Complaints"*

"A. If the appellant was the claimant in the action before the district justice, he shall file a complaint within 20 days after filing his notice of appeal.

"B. If the appellant was the defendant in the action before the district justice, he shall file with his notice of appeal a praecipe requesting the prothonotary to enter a rule as of course upon the appellee to file a complaint within 20 days after service of the rule or suffer entry of a judgment of non pros.

"C. When judgments have been rendered on complaints of both the appellant and the appellee and the appellant appeals from the judgment on his complaint or on both complaints, the appellee may assert his claim in the court of common pleas by pleading it as a counterclaim if it can properly be so pleaded in that court. [Note: However, even when this procedure is permissible, the appellee must, if he desires to use it, still give a notice of appeal under Rule 1002, with the time extension allowed by subdivision C if he intends to appeal from the judgment on his complaint. . .] If the appellant appeals only from the judgment on his complaint,

the appellee may appeal from the judgment on his complaint at any time within 30 days after the date on which the appellant served a copy of his notice of appeal upon the appellee." See also, *National Environmental Control Corporation v. Colavita,* 37 D.&C. 3d 355 (1985).

The appeal filed by defendant included a praecipe to enter rule to file the complaint. Applying Rule 1004(B), defendant has appealed the judgment of the district justice in the case against it as defendant. No separate appeal was taken by defendant on its counterclaim and the judgment entered against it by the district justice.

Defendant argues that Pennsylvania Rule of Civil Procedure 1031 clearly controls when a counterclaim may be filed. ("The defendant may set forth in the answer under the heading 'counterclaim' any cause of action heretofore asserted in assumpsit or trespass which he has against the plaintiff at the time of filing the answer.") However, because judgment was entered against defendant on his counterclaim by a district justice and no appeal was filed, the cause of action no longer exists upon which a counterclaim can be asserted.

Accordingly, plaintiff's preliminary objections are granted and defendant's counterclaim is dismissed.

## ORDER

And now, February 7, 1991, upon consideration of the preliminary objections of plaintiff, Standard Concrete Products Co., it is ordered that defendant's counterclaim be stricken and dismissed.

The prothonotary is directed to provide notice of the entry of this opinion and order as required by law.