543 A.2d 184

Kenneth Malia and Deborah Malia, his wife, Appellants *v.* Paulette Monchak et al., Appellees.

Argued February 26, 1988, before Judges COLINS and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Thomas E. Leipold,* with him, *Michael R. Lynn, Michael R. Lynn & Associates,* for appellants.

*Joseph J. Heston,* with him, *Patrick E. Dougherty, Dougherty, Mundy & Leventhal,* for appellees.

*Charles R. Coslett, Coslett & Coslett,* for appellee, Northwest Area School District.

OPINION BY JUDGE PALLADINO, June 2, 1988:

Kenneth and Deborah Malia (Appellants) appeal from an order of the Luzerne County Court of Common Pleas sustaining the preliminary objections of Paulette Monchak, Edward A. Vollbrecht, the Northwest Area School Board members (School Board),[1] Arthur M. Saxe and Richard Hardy (collectively Appellees) and dismissing Appellants' complaint against Appellees. We affirm in part and reverse in part.

Kenneth Malia (Malia) and his wife, Deborah, filed a defamation action against Appellees on December 23, 1985. Appellants made the following factual averments in their complaint:

Kenneth Malia was employed as vice-principal of the Northwest Area Junior-Senior High School in August 1984. Monchak was principal of the school and Vollbrecht was superintendent of schools in the Northwest Area School District. On June 21, 1985, Monchak made a written evaluation of Malia in which she rated his performance as vice-principal as "unsatisfactory," described his performance as "inept" and characterized Malia as "insubordinate" and "inattentive."[2] On June 18, 1985, Vollbrecht signed this evaluation and, based on its contents, recommended to the School Board that

---

[1] The individual members of the School Board are Wilton E. Dangler, Thomas Pugh, Mary S. Kowalski, Richard Hardy, Judy Rampp, Arthur M. Saxe, Steven Stahl, Robert Stevens and Alan Wolfe.

[2] At the time of this evaluation, Malia, in his brief, states he was a temporary professional employee.

Malia be discharged. Malia, Monchak and Vollbrecht met informally with the School Board to discuss Vollbrecht's recommendation on July 8 and 25, 1985.

The School Board then scheduled a public hearing on the issue of whether Malia's employment should be terminated. Malia objected to a public hearing being held prior to the School Board making a decision on Vollbrecht's recommendation that he be discharged.[3] A public hearing was held on October 3, 1985 at which Monchak testified Malia's job performance was "inept" and "unsatisfactory." After this hearing, Vollbrecht withdrew his recommendation that Malia be dismissed.

The School Board, at its regularly advertised public meeting on November 18, 1985, voted to dismiss the termination proceedings. Following this action, school board member Saxe stated that Malia was "grossly insubordinate, if not incompetent." After the meeting was finished, school board member Hardy, within the hearing of members of the general public and Deborah Malia, stated to Malia, "you're the cause of all this."

Appellants' complaint contains five separate counts of defamation. Count I is against Monchak. It is based on the statements she made in her June 21, 1985 written evaluation and during her testimony at the October 3, 1985 public hearing. Appellants allege that the statements were "untrue and motivated by malicious personal animosity" and were made "for the purposes of injuring Plaintiff, Kenneth Malia." Count II is against Vollbrecht and is based on his affirmation of Monchak's evaluation and his recommendation that Malia be dis-

---

[3] Two scheduled public hearings were continued, one to allow Malia's counsel time to prepare and the other to allow the hearing examiner to consider Malia's objection to a public hearing prior to a School Board decision on termination. At the beginning of the October 3, 1985 hearing, Malia's counsel again raised the objection but it was overruled.

missed when Vollbrecht allegedly had knowledge that Monchak's statements in the evaluation "were untrue and motivated by malicious personal animosity." Count III is against the School Board and is based on the School Board's decision to hold "unnecessary and inappropriate" public hearings which permitted "further publication" of Monchak's statements. Count IV is against Saxe for his statement made following the School Board's dismissal of the termination action. Appellants allege Saxe's statement was "untrue and motivated by malicious personal animosity." Count V is against Hardy for his statement made following the November 18, 1985 public hearing. Appellants allege the statement was "untrue and motivated by malicious personal animosity."

In response to Appellant's complaint, Appellees, on January 14, 1986, filed preliminary objections in the nature of a demurrer to all five counts. Appellees asserted that they were immune to suit[4] and that any statements made constituted "mere opinion." The trial court sustained the demurrer and dismissed Appellants' complaint. In the accompanying opinion, the trial court held that Monchak, Vollbrecht and the School Board were entitled to absolute immunity because they were "acting in the discharge of their statutory duty to rate. Plaintiff," *Malia v. Monchak* (No. 5085-C of 1985, filed July 14, 1986), slip op. at 2, and that the statements made by Saxe and Hardy were "pure" opinion and not actionable. *Id.* at 10. On appeal to this Court, Appellants contend the trial court erred in concluding (1) that Monchak, Vollbrecht and the School Board were enti-

---

[4] Appellees asserted they were all entitled to "judicial" and "high official" immunity. In addition, the School Board asserted "legislative" immunity. Various other objections were asserted but these were not addressed by the trial court, and we will not consider them in this opinion.

tled to "absolute immunity" and (2) that the statements made by Saxe and Hardy were "pure" opinion.

Initially, we find it necessary to stress that Pa. R.C.P. No. 1030 requires the affirmative defense of immunity to be raised as new matter. However, if the defense of immunity is apparent on the face of the challenged pleading,[5] the defense of immunity will be considered on preliminary objection unless the opposing party challenges this procedure by filing .preliminary objections to the preliminary objections. *McCreary v. City of Philadelphia,* 95 Pa. Commonwealth Ct. 285, 505 A.2d 385 (1986). No such objection has been made here.

In determining whether to sustain preliminary objections in the nature of a demurrer, all well-pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true. *County of Allegheny v. Dominijanni,* 109 Pa. Commonwealth Ct. 484, 531 A.2d 562 (1987). A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer. *Id.* However, any argumentative allegations or expressions of opinion are not accepted as true. *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976).

## I. IMMUNITY

The trial court determined that Monchak, Vollbrecht and the School Board were "performing an essential duty pursuant to the statutory requirements provided by the Pennsylvania Public School Code,"[6]

---

[5] As officials and employees of a school district, the immunity defense asserted by Appellees is apparent from the face of the pleading.

[6] School Code of 1949 (School Code), Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§11-1101 to 11-1133. Section 1106

and "in the interest. of promoting the free exercise of their duties unhampered by the threat of defamation suits, we believe the Defendants are and should be protected by an absolute privilege." *Malia,* slip op. at 9. In reaching this result, the trial court noted that it found the case of *Procopio v. Shamokin Area School District,* 48 Northumb. L.J. 249 (1976), to be persuasive. The *Procopio* case held that the function of rating temporary professional employees, required by the School Code, was one of vital importance to the goal of providing quality education and that those individuals performing this function were entitled to absolute immunity.

However, *Procopio* was decided prior to the 1978 Political Subdivision Tort Claims Act.[7] This Act created a statutory immunity for local government agencies and their employees. It was necessitated by the Supreme Court's abolishment of common law governmental immunity in *Ayala v. Philadelphia Board of Public Education,* 453 Pa. 584, 305 A.2d 877 (1973). Since 1980, this statutory immunity has been codified at 42 Pa. C. S. §§8541-8550. Because the School Board, Monchak and Vollbrecht are employees of a local agency, any determination as to their immunity to this defamation suit

---

imposes a duty on the School Board to employ "the necessary qualified professional employes, substitutes and temporary professional employes to keep the public schools open in their respective districts in compliance with the requirements of this act." 24 P.S. §11-1106. Section 1123 of the School Code requires that the performance of temporary professional employee be rated by or under the supervision of the superintendent (a principal who has supervision over the professional employee is an appropriate delegatee) and also requires that no unsatisfactory rating is valid unless approved by the superintendent. 24 P.S. §11-1123.

[7] Act of November 26, 1978, P.L. 1399, *as amended, formerly* 53 P.S. §§5311.101-5311.803, repealed and substantially reenacted by the Act of October 5, 1980, P.L. 693, *as amended,* 42 Pa. C. S. §§8541-8564.

necessitates consideration of these statutory sections. *See Swartz v. Masloff,* 62 Pa. Commonwealth Ct. 522, 437 A.2d 472 (1981).

Local agencies are immune to suit except when the negligent actions of the agencies or their employees fall within one of eight exceptions to immunity found in 42 Pa. C. S. §8542(b)(2).[8] 42 Pa. C. S. §8541. The term negligent acts is defined in 42 Pa. C. S. §8542(a)(2) as not including "acts or conduct which constitutes a crime, actual fraud, actual malice or willful misconduct." 42 Pa. C. S. §8545 provides that an employee, acting within the scope of his office or duties, is subject to liability for his negligent conduct only to the extent that his employer would be. *See Thorpe v. Danby,* 68 Pa. Commonwealth Ct. 138, 448 A.2d 676 (1982). 42 Pa. C. S. §8546, entitled "defense of official immunity," provides a local agency employee with the following three additional defenses, if the claim against the employee arises from or is reasonably related to his office or his duties:

(1) Defenses which are available at common law to the employee.

(2) The defense that the conduct of the employee which gave rise to the claim was authorized or required by law, or that he in good faith reasonably believed the conduct was authorized or required by law.

(3) The defense that the act of the employee which gave rise to the claim was within the policymaking discretion granted to the employee by law. For purposes of this subsection, all acts

---

[8] These eight exceptions are (1) operation of any motor vehicle, (2) care, custody or control of personal property, (3) care, custody or control of real property, (4) trees, traffic controls and street lighting, (5) utility service facilities, (6) streets, (7) sidewalks, and (8) care, custody or control of wild animals.

of members of the governing body of a local agency or of the chief executive officer thereof are deemed to be within the policy making discretion granted to such person by law.

However, what the statute giveth it also taketh away. 42 Pa. C. S. §8550 abrogates the immunity defenses provided in sections 8545 and 8546 when the alleged wrongful conduct of the employee "constituted a crime, actual fraud, actual malice or willful misconduct." *Morris v. Musser*, 84 Pa. Commonwealth Ct. 170, 478 A.2d 937 (1984).

Damages may be recovered in a civil action for defamation if publication of the defaming statement was maliciously or negligently made. 42 Pa. C. S. §8344. This case, however, involves local agency employees and, as previously noted, they are subject to liability for negligent conduct in the performance of their duties only if the conduct falls within one of the eight exceptions to immunity in 42 Pa. C. S. §8542(b)(2). Negligent publication of a defamatory statement does not fall within these exceptions. *See Thorpe.*

In determining whether the School Board, Monchak and Vollbrecht are entitled to any of the defenses of immunity given local agency employees in 42 Pa. C. S. §§8545 and 8546, we must examine Appellants' complaint to determine if it contains any well-pleaded factual allegations that the alleged wrongful conduct of the School Board, Monchak or Vollbrecht falls within the scope of their duties or is reasonably related to their duties. If it does, then Appellants' complaint must be examined to determine if the alleged wrongful conduct constitutes willful misconduct within the meaning of 42 Pa. C. S. §8550. If it does, the School Board, Monchak and Vollbrecht have waived their right to assert immunity to defamation on the basis that the alleged wrongful

conduct was within or reasonably related to their duties. *Morris.*[9]

## A. Duties

Appellants' complaint states that Monchak's alleged defamatory statements about Malia were made "as a function of her evaluation of Plaintiff, Kenneth Malia." *Id.*, paragraph 19, 20. Section 1108 of the School Code, 24 P.S. §11-1108, requires temporary professional employees to be evaluated pursuant to section 1123 of the School Code, 24 P.S. §1123. Section 1123 permits the principal supervising the employee (Monchak in this case) to do the rating. Section 1123 allows the superintendent (here Vollbrecht) to direct the principal to do the rating, but it requires the superintendent to approve any unsatisfactory rating in order for it to be valid. Section 1108 permits the School Board to dismiss a temporary professional employee who has received an unsatisfactory rating.

Appellants make no argument in their brief that the actions of Monchak and Vollbrecht were not within the scope of their duties and close review of Appellants' complaint disclose no allegations which, if true, would place their action outside the scope of the statutory duties recited above.

---

[9] We note that *Acker v. Spangler*, 92 Pa. Commonwealth Ct. 616, 500 A.2d 206 (1985), might be interpreted to indicate that 42 Pa. C. S. §8550 requires a local agency employee or official to be acting outside his scope of employment in order for the immunity defenses of 42 Pa. C. S. §§8545 and 8546 to be waived. However, the cases cited in *Acker* clearly have not interpreted section 8550 in that manner. Also such a requirement would make section 8550 redundant because sections 8545 and 8546 specifically require that the employee be within the scope of his employment for the defenses to be asserted. The analysis we have used in the present opinion was recently used by this court in *Goralski v. Pizzimenti*, 115 Pa. Commonwealth Ct. 210, 540 A.2d 595 (1988).

Appellants do allege that public hearings held by the School Board, dealing with Malia's termination, were "unnecessary and inappropriate." Appellants' complaint, paragraph 56. In their brief, Appellants argue that because the public hearings were unnecessary and inappropriate, the School Board exceeded the scope of its duties. We disagree.

The School Board is the governing body of the Northwest School District, *see* section 301 of the School Code, 24 P.S. §3-301, and has a duty to employ *qualified* temporary professional employees "to keep the public schools open in [the school district] in compliance with the provisions of the [School Code]." Section 1106 of the School Code, 24 P.S. §1106. Any action taken by the School Board in respect to determining whether to discharge Malia, even if unnecessary and inappropriate, was taken pursuant to its duty to employ qualified temporary professional employees.

We hold that the trial court correctly concluded that the alleged wrongful actions taken by the School Board, Monchak, and Vollbrecht were within the scope of their statutory duties under the School Code.

## B. Willful Misconduct

If Appellants have alleged conduct by the School Board, Monchak or Vollbrecht which, if proven, would constitute willful misconduct within the meaning of 42 Pa. C. S. §8550, the School Board, Monchak and Vollbrecht would be precluded from raising any immunity defense based on their position as employees or officials. An examination of Appellants' complaint leads us to conclude that all three are entitled to assert an immunity defense.

Appellants specifically allege that the statements made by Monchak were "motivated by malicious personal animosity." Appellants' complaint, paragraph 43.

As to Vollbrecht, Appellants allege that he had "knowledge that the statements [made by Monchak in her written evaluation] were untrue and motivated by malicious personal animosity" when he signed the evaluation and recommended Malia's discharge. However, these allegations are merely conclusions. No underlying facts were pleaded which, if proven, would establish, or from which it could be inferred, that Monchak was acting maliciously or that Vollbrecht knew she was. *See Thorpe.* Therefore, both are entitled to assert the official immunity defenses of 42 Pa. C. S. §8546.

Monchak and Vollbrecht, as principal and superintendent, were authorized and required by the School Code, as previously explained, to rate Malia's job performance. Therefore, they are immune to suit pursuant to 42 Pa. C. S. §8546(2). Appellant's counts against Monchak and Vollbrecht were properly dismissed.

As to the School Board, there were *no* allegations, even conclusionary ones, made against the School Board which would constitute willful misconduct. The School Board's alleged wrongful conduct was holding "unnecessary and inappropriate" public hearings on the issue of Malia's discharge. There are no allegations that the School Board had any knowledge as to the truth or falsity of Monchak's statements, that the decision to hold public hearings was made maliciously, in bad faith or with the intent of injuring Malia, nor any factual allegations which indicate or suggest willful misconduct. Therefore, the School Board is entitled to assert an immunity defense. We conclude that, as members of the governing body of a school district, the School Board is protected from liability in this case by the official immunity provided in 42 Pa. C. S. §8546(3). *See Swartz.* Appellants' count against the School Board was properly dismissed.

## II. "PURE" OPINION

The trial court concluded that the alleged defamatory statements made by Hardy and Saxe were not made within the scope of their duties as school board members and that conclusion is not contested before us. However, the trial court concluded their statements were "pure" opinion and therefore not actionable. Appellants contend this was an error of law.

Statements of opinion without more are not actionable. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323 (1974). Whether a particular statement is opinion or fact is a question of law. *Braig v. Field Communications*, 310 Pa. Superior Ct. 569, 456 A.2d 1366 (1983), *cert. denied*, 466 U.S. 970 (1984). In *Braig*, the superior court adopted section 566 of the Restatement (Second) of Torts (1977) to determine whether a given statement constitutes an opinion. *Id.* at 580, 456 A.2d at 1372.[10]

Section 566 states: "A defamatory communication may consist of a statement in the form of an opinion, but a statement of this nature is actionable only if it implies the allegation of undisclosed defamatory facts as the basis for the opinion." Comment b to section 566 breaks expression of opinion into two categories—"pure" and "mixed." "Pure" opinion is described in comment b as existing:

> when the maker of the comment states the facts on which he bases his opinion of the plaintiff and then expresses a comment as to the plaintiff's conduct, qualifications or character. . . . The opinion may be ostensibly in the form of a factual statement if it is clear from the context that

---

[10] The Pennsylvania Supreme Court relied on section 566, in *Baker v. Lafayette College*, 516 Pa. 291, 532 A.2d 399 (1987), as well established legal principle in determining whether an opinion was actionable.

the maker is not intending to assert another objective fact but only his personal comment on the facts which he has stated. *The pure type of expression of opinion may also occur when the maker of the comment does not himself express the alleged facts on which he bases the expression of opinion. . . .* The assumption of the facts may come about because someone else has stated them. . . . (Emphasis added.)

Comment c to section 566 indicates that the "pure" type of opinion is not actionable "no matter how unjustified and unreasonable the opinion may be or how derogatory it is."

The trial court concluded that because the alleged defamatory statements made by Saxe and Hardy were made "immediately following a full hearing by the School Board," the statements could not be "reasonably understood to imply the existence of undisclosed facts" and therefore did not constitute "actionable opinion." *Malia,* slip op. at 11.

The trial court's conclusion may only be based on the allegations in Appellants' complaint, and the trial court is obligated to assume as true all well-pleaded facts. Hardy is alleged to have stated to Malia that "you're the cause of all this" *after the conclusion of the November 18, 1985 public hearing.* Appellant's complaint, paragraph 68. In light of the fact that this statement was allegedly made immediately after a public hearing, during which Malia's proposed termination was discussed, we agree with the trial court that it could not reasonably be understood to imply the existence of undisclosed defamatory facts. Appellants' count against Hardy was properly dismissed.

The complaint alleges that Saxe made the statement that Malia was "grossly insubordinate, if not incompetent" following the School Board's action to dismiss ter-

mination proceeding against Malia at its November 18, 1985, public hearing. *Id.*, paragraph 61. The only allegation as to what occurred during the November 18, 1985 hearing was that the School Board voted to dismiss the termination proceedings against Malia. Appellants' complaint, paragraph 42. The only allegations as to what was said regarding Malia at the October 3, 1985 public hearing concern Monchak's testimony. *Id.*, paragraphs 37, 38.

We find these allegations insufficient to support the trial court's conclusion that Saxe's statement was made based on facts disclosed at "the full board hearing." Additionally, we note that the complaint alleges that the School Board members, in two informal, nonpublic meetings, heard information from Monchak concerning Malia's job performance prior to the public hearings. *Id.*, paragraphs 23, 24. We conclude that an inference may be deduced from the facts pleaded that it is reasonable for those who heard the statement made by Saxe, during the School Board meeting, to conclude that, as a School Board member, Saxe was privy to undisclosed facts concerning Malia's performance. Therefore, it was an error of law for the trial court, at this point in the litigation, with only the Appellants' complaint available, to dismiss the count against Saxe on the basis that his alleged dafamatory statement was "pure" opinion.[11]

## ORDER

AND NOW, June 2, 1988, the order of the Court of Common Pleas of Luzerne County in the above-captioned matter is affirmed insofar as it dismisses the

---

[11] We note that this opinion makes no comment on whether Appellants' complaint contains sufficient well-pleaded facts that, if proven, would meet the burden of proof placed on them to sustain a civil action for defamation pursuant to 42 Pa. C. S. §8343.

counts in Appellants' complaint against the School Board, Paulette Monchak, Edward A. Vollbrecht, and Richard Hardy. The order is reversed insofar as it dismisses the count in Appellants' complaint against Arthur M. Saxe. The case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.