## Anders v. Zoning Hearing Board of West Mead Township

*James H. Anders,* in propria persona.
*Alan R. Shaddinger,* for defendants.

MILLER, *P.J.,* August 28, 1992—

### ISSUE

The basic issue is whether or not the amended complaint filed by the plaintiff (after we granted defendants' demurrer to the first complaint) properly states a cause of action against the Zoning Hearing Board and/or West Mead Township for negligence or the individual members of those boards for negligence, actual fraud, actual malice or willful misconduct. We think not, and once again,

grant the defendants' demurrer and dismiss the plaintiffs amended complaint, bringing this action to a close.

## BACKGROUND

"In determining whether to sustain preliminary objections in the nature of a demurrer, all well pleaded facts and all inferences that may be deduced therefrom, but not conclusions of law, must be accepted as true.... A demurrer will not be sustained unless the face of the complaint shows that the law will not permit recovery, and any doubts should be resolved against sustaining the demurrer.... However, any argumentative allegations or expressions of opinion are not accepted as true." *Malia v. Monchak,* 116 Pa. Commw. 484, 543 A.2d 184 (1988) (citations omitted); *Firing v. Kephart,* 466 Pa. 560, 353 A.2d 833 (1976).

In our memorandum and order filed March 13, 1992, and in the defendants' brief that was filed in support of their latest preliminary objections, the procedural history and much of the background involving these parties has been set forth. We will not repeat that here.

We will give the plaintiff a great deal of latitude and accept as true all well pleaded portions of the plaintiff's original complaint, amendment of complaint to include fraud as well as incompetence and the amended complaint to overcome dismissal, filed on August 5, 1991, March 19, 1992 and March 27, 1992, respectively. When we read these three documents together it appears that the plaintiff is alleging that in October 1990 he applied to the Zoning Board for special exceptions to finish construction to an upper-story addition to his residence that he began in April 1988. He explained that building on the top of the existing building did not expand the building area and he cited a Pennsylvania zoning treatise in support of that position.

He alleges that the board took the matter under advisement. He submitted three cases in support of his arguments and the township solicitor submitted no cases. Nonetheless the Zoning Hearing Board denied his request for a special exception.

He then applied to the West Mead Township Board of Supervisors to add a definition for "building area" so the building area would simply be the outside dimensions of the building without regard to the height of the structure. The Board of Supervisors denied that request for a curative amendment.

The plaintiff claims that these determinations were "incompetent," "unconscionable" and lack sense and reason (original complaint). In his "amendment to complaint to include fraud as well as incompetence" he alleges that a letter from the Crawford County Planning Commission recommending the zoning ordinance be changed to include a definition of building area was not included in the record that came to this court from the Zoning Hearing Board or the township.

Finally, in his "amended complaint to overcome dismissal" filed on March 27, 1992, he claims that the Zoning Hearing Board went against all of the case law that he had cited and went against common sense. Thus he concludes that its unanimous decision constituted "willful misconduct" and "malice."

In short, the plaintiff alleges in these three "pleadings" that the Zoning Hearing Board and the township supervisors disagreed with him as to whether his upward addition violated the zoning ordinance and whether the ordinance should be amended to include a better definition of the building area. Because he felt his case was so compelling he concludes that they acted with malice and engaged in willful misconduct.

## DISCUSSION

The defendants actually filed preliminary objections on many grounds. They claim that the court lacks personal jurisdiction over the defendants because they have not been properly served. We agree with that (Pa.R.C.P. 400(a)) and if that were the only defect we would simply direct that proper service be made.

The defendants claim that the complaint and the amended complaints should be stricken for failing to set forth claims in separate counts. We agree with that (Pa.R.C.P. 1020(a)).

The defendants claim that the complaint and amended complaint fail to set forth the material facts in a concise manner. We agree with that (Pa.R.C.P. 1017(a) and 1019(a)). For these latter reasons we would normally strike the complaint and give the plaintiff time to plead once again.

Defendants claim that they are immune from suit under 42 Pa.C.S. §8541 et seq. We agree with the defendants and are granting their demurrer, making a decision on proper service and the filing of a proper complaint unnecessary.

The defense of immunity may be raised and decided on preliminary objections. *Guinn v. Alburtis Fire Co.,* 134 Pa. Commw. 270, 577 A.2d 971 (1990), especially if that method is not objected to. *Malia v. Monchak, supra.*

Since the Zoning Hearing Board and township are local agencies enjoying governmental immunity (42 Pa.C.S. §8541) and since the members of those boards enjoy official immunity (42 Pa.C.S. §§8501, 8545) a suit may only be brought against them under certain circumstances. Suit may be brought against the local agency if it engaged

in negligence[1] of the type outlined by the Political Subdivision Tort Claims Act (42 Pa.C.S. §8542(b)) or against the individual members if they either engaged in similar acts of negligence (42 Pa.C.S. §8545) or acted with actual malice, fraud, or engaged in willful misconduct (42 Pa.C.S. §8550).[2]

Furthermore, immunity applies to any suit involving injury whether physical or economic. *E-Z Parks v. Philadelphia Parking Authority,* 110 Pa. Commw. 629, 532 A.2d 1272 (1987), *app. den.* 519 Pa. 656, 546 A.2d 60.

The plaintiff has stated no cause of action against the township or Zoning Hearing Board as local agencies. He has not alleged any negligent acts that may impose liability (42 Pa.C.S. §8542(b)) and he has no right to proceed against the local agencies for fraud, malice or willful misconduct. Title 42 Pa.C.S. §8550 applies only to employees and not to local agencies. *Steiner by Steiner v. City of Pittsburgh,* 97 Pa. Commw. 440, 509 A.2d 1368 (1986); *King v. Breach,* 115 Pa. Commw. 355, 540 A.2d 976 (1988).

As clearly, he has not stated a cause of action against the individual board members on account of negligence of the type for which liability may be imposed (42 Pa.C.S. §8542(b)). There are no allegations with respect to vehicle liability, care and control of personal property, care and

---

1. An initial inquiry should be made to determine if damages would be recovered under common law. We take no position on that for now for we decide this case on the immunity provisions.

2. The members of the Zoning Hearing Board would not be protected by the policy-making discretion defense (41 Pa.C.S. §8546(3)) because in applying the zoning ordinance they would not be acting in a discretionary manner but in a quasi-judicial manner. *Township of Bensalem v. Press,* 93 Pa. Commw. 235, 501 A.2d 311 (1985), was decided under different law, but the principles remain the same.

control of real property, trees, traffic controls, street lighting, utility services, streets, sidewalks or animals.

The only way he may avoid the demurrer as to the individual members of the board is if he has properly pled that they acted within their scope of duties and engaged in actual malice, fraud, or willful misconduct so as to remove the cloak of official immunity and the defenses available to officials (42 Pa.C.S. §§8545, 8550, and 8546). Has he done that?

Although he has not said it in clear terms he has generally alleged that they acted within the scope of their offices or duties.

Beyond that the plaintiff has alleged that the individual members failed to accept his arguments and failed to apply the law he gave them. Even if true those actions do not constitute, nor has he properly pled, facts which constitute, fraud, malice or willful misconduct.

Actual fraud has five elements that were outlined and discussed in a similar case by the Commonwealth Court. *Kuehner v. Parsons,* 107 Pa. Commw. 61, 527 A.2d 627 (1987), *alloc. den.,* 538 A.2d 879 (1988). "Bald allegations ... without more, are insufficient to create an issue of material fact...." *Kuehner v. Parsons, supra.*

Furthermore, the plaintiff does not allege any facts that would amount to malice. Malice is generally understood as intentionally doing a wrongful act without lawful or justifiable excuse. The plaintiff suggests that the individual board members ignored the law and disagreed with him, but he does not allege any facts that indicate that they did so intentionally, knowing it was wrong and without reason or excuse.

The plaintiff alleges that the individual board members engaged in willful misconduct but he has failed to allege any specific fact other than the bald conclusions.

Our appellate courts have dealt with a number of cases where local agencies, or their individual board members, have made decisions, even wrong decisions, and yet they were immune from suit for damages.

In *Swartz v. Masloff,* 62 Pa. Commw. 522, 437 A.2d 472 (1981), it was alleged that in condemning the appellant's property, city council members used a feasibility study that was not appropriate, did not engage in a total review of the entire project and did not have appropriate real estate appraisals performed.

In *Leggieri v. Township of Haverford,* 98 Pa. Commw. 646, 511 A.2d 955 (1986), a local agency was immune from liability for alleged trespasses in approving a developer's subdivison plan which permitted or caused water to flow from that land onto adjoining property.

In *Schreck v. North Codorus Township,* 126 Pa. Commw. 407, 559 A.2d 1018 (1989), *alloc. granted,* 575 A.2d 569, 575 A.2d 572, *appeal dismissed as improvidently granted,* 585 A.2d 464, the local agency was immune from alleged improper issuance of a zoning permit and improper design of a sewage disposal system.

Mere conclusions are not enough without the pleading of proper underlying facts. *Malia v. Monchak,* 116 Pa. Commw. 484, 543 A.2d 184 (1988). The plaintiff, who has now had two opportunities to plead properly and who has filed three documents that we have considered in total, has not properly pled a cause of action against the defendants.

We will now grant the demurrer and dismiss his latest attempt.