

2003 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-16-2003

# Laverdure v. Montgomery

Precedential or Non-Precedential: Precedential

Docket 02-2773

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2003

Recommended Citation

"Laverdure v. Montgomery" (2003). *2003 Decisions.* Paper 583.
http://digitalcommons.law.villanova.edu/thirdcircuit_2003/583

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2003 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

Filed April 2, 2003

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-2773

KELLY LAVERDURE,

Appellant

v.

COUNTY OF MONTGOMERY;
MICHAEL D. MARINO

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 01-cv-02542)
District Judge: Honorable Harvey Bartle, III

Argued: January 23, 2003

Before: NYGAARD, AMBRO and LOURIE,*
*Circuit Judges*

(Opinion filed April 2, 2003)

Joseph A. O'Keefe, Esquire (Argued)
O'Keefe & Sher
15019 Kutztown Road
Kutztown, PA 19530

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit, sitting by designation.

John V. Ryan, Esquire
2071 Tulpehocken Road
Wyomissing, PA

*Attorneys for Appellant*

Joseph J. Santarone, Jr., Esquire
 (Argued)
John J. Hare, Esquire
Marshall, Dennehey, Warner
Coleman & Goggin
One Montgomery Plaza, 10th Floor
Norristown, PA 19401

*Attorneys for Appellee*

---

## OPINION OF THE COURT

---

AMBRO, *Circuit Judge*:

We decide whether, under the circumstances of this case, a county is liable under 42 U.S.C. § 1983 for the statements of a member of its board of commissioners and whether, under Pennsylvania law, a commissioner is entitled to absolute immunity for his statements. The District Court answered no to the first question and yes to the second. We do as well.

### I.  Factual Background And Procedural History

This dispute arose because of an E. coli outbreak in November 2000 traced to Merrymead Farms in Montgomery County, Pennsylvania (the "County"). Several parents of afflicted children called the Appellant, Kelly LaVerdure, who at the time was working as a Disease Intervention Specialist with the Montgomery County Health Department. LaVerdure purportedly failed to follow up on these phone calls and investigate the E. coli cases. Appellees allege that, had LaVerdure properly performed her duties, the outbreak could have been contained earlier and fewer children would have fallen ill.

The three-member Montgomery County Board of Commissioners, Montgomery County's executive body,

unanimously decided to fire LaVerdure at a November 30, 2000 Board meeting. Following that meeting, the chairman of the Board, Michael Marino, spoke at a press conference in which he rebuked LaVerdure. LaVerdure argues that, because she was terminated with accompanying stigmatizing comments, the Fourteenth Amendment entitles her to a "name-clearing" due process hearing. *See Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 573-74 (1972) (stating that a name-clearing hearing is required for public employees terminated with public stigma).

LaVerdure's complaint alleges (1) that the County violated her Fourteenth Amendment due process right by not affording her a name-clearing hearing, for which 42 U.S.C. § 1983 provides a cause of action, and (2) a supplemental state-law claim against Marino for slander and libel. The District Court dismissed her slander and libel claims on the ground that 42 Pa. Cons. Stat. § 8546 affords Marino absolute immunity. After LaVerdure had finished presenting her case to the jury, and with one remaining witness for the defense yet to be called, the District Court granted the County's Rule 50 motion with respect to her § 1983 claim, thereby dismissing that claim as a matter of law. The Court denied LaVerdure's motion for a new trial. She appeals the District Court's dismissal of her § 1983 and state-law claims.

## II. Jurisdiction And Standard Of Review

The District Court had subject matter jurisdiction over the § 1983 claim under 28 U.S.C. § 1331 and over the supplemental state-law claims under 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We exercise plenary review of the District Court's grant of judgment as a matter of law. *Northview Motors, Inc. v. Chrysler Motors Corp.*, 227 F.3d 78, 88 (3d Cir. 2000). "A court should grant such a motion only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Id.* (internal quotation marks omitted) (quoting *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993)).

Whether Marino and the County are entitled to absolute immunity, under 42 Pa. Cons. Stat. § 8546, from the supplemental state-law claims is a question of statutory interpretation over which we also exercise plenary review. *Moody v. Sec. Pac. Bus. Credit, Inc.*, 971 F.2d 1056, 1063 (3d Cir. 1992).

## III.  Discussion

### A.  Whether Marino spoke for the Board as a policymaker

Municipalities and other bodies of local government such as Montgomery County are liable under § 1983 only if they have caused a constitutional tort through "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690 (1978); *see also id.* at 691 (rejecting the notion that municipalities and local governments may be liable under a theory of *respondeat superior*). It is undisputed that only a majority of the three-member Board is authorized to establish policy on behalf of the County. 16 Pa. Cons. Stat. § 504. Therefore, whatever the contents of Marino's statements, because he was only one member of the Board, those comments do not constitute County policy. *See City of St. Louis v. Praprotnik,* 485 U.S. 112, 123 (1988) ("[O]nly those municipal officials who have 'final policymaking authority' may by their actions subject the government to § 1983 liability.").

Even though Marino himself lacked final policymaking authority that could bind the County, LaVerdure could have demonstrated that the Board delegated him the authority to speak for the Board or acquiesced in his statements. *Id.* at 127 ("If the authorized policymakers approve a subordinate's decision and the basis for it, their ratification would be chargeable to the municipality because their decision is final."); *Andrews v. City of Phila.,* 895 F.2d 1469, 1481 (3d Cir. 1990) ("Given that [the police commissioner] was the official policymaker in this case, the City can be held liable only if [the commissioner] either acquiesced in [the subordinate's] decisions or delegated his

authority to him."). LaVerdure failed to meet her burden to prove delegation or acquiescence, however. She failed even to depose the other two Board members or call them to testify at trial — methods by which she might have proved delegation or acquiescence. Thus, the District Court was correct in holding that Marino's comments could not subject the County to § 1983 liability.

LaVerdure argues also that the District Court instructed her counsel "that all that was relevant was what Chairman Marino is alleged to have said and what, if anything, was false about what he said." As a result of this instruction, LaVerdure contends that her counsel believed that she did not need to prove that Marino had final policymaking authority or that the Board acquiesced in Marino's statements. She alleges that the District Court's instruction thereby prejudiced her case. We disagree. Proving that a municipal official is a final policymaking authority is a fundamental element of a § 1983 cause of action against a municipality. We do not read the District Court's statement as relieving LaVerdure of needing to prove this threshold element.[1]

## B. Absolute immunity under Pennsylvania law

With respect to her state-law defamation and slander claims, LaVerdure argues that the District Court erred in holding Marino absolutely immune under 42 Pa. Cons. Stat. § 8546. We again disagree. Caselaw indicates that Marino is entitled to § 8546 immunity. *See Zugarek v. S. Tioga Sch. Dist.*, 214 F. Supp. 2d 468, 479 (M.D. Pa. 2002) ("School Board members, entrusted with a policymaking role for the School District, are high public officials entitled to absolute immunity from state law suits when acting in their official capacities."); *Satterfield v. Borough of Schuylkill Haven*, 12 F. Supp. 2d 423, 442 (E.D. Pa. 1998) ("We have no trouble finding that borough council members qualify as 'high public officials' for the purposes of immunity from defamation."); *Montgomery v. City of Phila.*, 140 A.2d 100, 105 (Pa. 1958) (holding that the Deputy Commissioner of

---

1. Moreover, because the District Court allegedly made its statement at a pre-trial conference, it was not transcribed. Thus, we cannot assess the alleged statement in the context of its delivery.

6

Public Property of Philadelphia and the City Architect were entitled to absolute immunity); *Malia v. Monchak*, 543 A.2d 184, 187 (Pa. Commw. Ct. 1988) (holding that school principal and superintendent are entitled to immunity).

Finally, LaVerdure argues that the District Court's holding that Marino was immune under § 8546, which turns on whether he is a policymaker, is inconsistent with the Court's holding that he was not a policymaker for § 1983 purposes. We perceive no inconsistency. Sections 1983 and 8546 are different statutes, one state and one federal, and they define "policymaker" differently. To be a policymaker for § 1983 purposes, an official must have *final* policymaking authority. By contrast, to have § 8546 immunity, one need only be *a* policymaker. *Compare Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) ("The fact that a particular official — even a policymaking official — has discretion in the exercise of particular functions does not, without more, give rise to [§ 1983] municipal liability based on an exercise of that discretion. The official must also be responsible for establishing *final government policy respecting such activity* before the municipality can be held liable.") (emphasis added) (internal citation omitted), *with* 42 Pa. Cons. Stat. § 8546 (granting official immunity with respect to "all acts of *members* of the governing body of a local agency or the chief executive officer thereof " if such acts are "arising from, or reasonably related to, the office or the performance of the duties of the employee") (emphasis added), *and Factor v. Goode*, 612 A.2d 591, 593 (Pa. Commw. Ct. 1992) (noting that Pennsylvania affords absolute privilege to "high public officials"). This doctrinal difference may stem from the fact that the goals of § 1983 and § 8546 are different. Section 8546 seeks not to restrict unduly any officials in the performance of their duties. This policy counsels in favor of a broad grant of immunity and thus a broad definition of "policymaker." By contrast, § 1983 in this context seeks to ensure that local governments will not be held responsible unless there is a policy or sanctioned practice of the government itself. This federal policy counsels in favor of a narrower definition of policymaker.

\* \* \* \* \* \*

For LaVerdure's claim on federal grounds, she failed to show that Marino's comments (whether stigmatizing or not) constituted either the County's policy or sanctioned practice. As to her state-law claim, Marino as a Commissioner has immunity. Thus we affirm.

A True Copy:
     Teste:

*Clerk of the United States Court of Appeals*
*for the Third Circuit*