

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-2005

# Maresca v. Mancall

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Maresca v. Mancall" (2005). *2005 Decisions.* Paper 1003.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1003

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-3103
_____

JOSEPH MARESCA

v.

\*ELLIOT L. MANCALL, M.D.;
THOMAS JEFFERSON UNIVERSITY HOSPITAL

Joseph S. Maresca, Appellant

\*(Amended Per the Clerk's Order of 8/19/04)
_____

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil No. 01-cv-05355)
District Judge:  Honorable Legrome D. Davis
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 8, 2005

Before: RENDELL, FUENTES and GARTH, Circuit Judges.

(Filed June 16, 2005)
_____

OPINION
_____

PER CURIAM

Joseph Maresca appeals from the District Court's order granting judgment as a matter of law in favor of the Defendants in this action alleging medical malpractice. For the following reasons, we will affirm the District Court's order.

On December 5, 1996, Joseph Maresca consulted Dr. Elliot L. Mancall, a licensed neurologist in Philadelphia. Dr. Mancall examined Maresca, diagnosed him with chronic headaches, and prescribed a muscle relaxant. In September 1999, nearly three years later, a rheumatologist diagnosed Maresca with ankylosing spondylitis (AS), for which he continues to receive treatment.

Maresca filed a pro se complaint in the Court of Common Pleas of Philadelphia County against Dr. Mancall and Thomas Jefferson University Hospital alleging medical malpractice based on the failure to diagnose AS or follow-up after the office visit in 1996. The Defendants removed the case to the District Court and, following discovery, moved for summary judgment. The District Court denied the Defendants' motions for summary judgment, and the matter was calendared for trial by jury.

In preparation for trial, the parties videotaped the testimony of Maresca's sole medical expert, Dr. Mitchell S. Felder. At the close of Maresca's case-in-chief, the Defendants renewed their previously-filed motions for judgment as a matter of law under Fed. R. Civ. P. 50. The Defendants argued that Dr. Felder failed to offer expert testimony from which the jury could conclude that the Defendants breached a standard of care or

caused any injury to Maresca. After conducting a lengthy hearing, the District Court

agreed with the Defendants and entered judgment as a matter of law in their favor. The

District Court subsequently denied Maresca's timely motion for reconsideration. Maresca

appeals.[1]

In Pennsylvania, a plaintiff seeking damages for medical malpractice must

"establish a duty owed by the physician to the patient, a breach of that duty by the

physician, that the breach was the proximate cause of the harm suffered, and the damages

suffered were a direct result of the harm." Toogood v. Rogal, 824 A.2d 1140, 1145 (Pa.

2003). To establish a breach and causation, a plaintiff must present an "expert witness

who will testify, to a reasonable degree of medical certainty" of the breach and proximate

cause. Mitzelfelt v. Kamrin, 584 A.2d 888, 892 (Pa. 1990).

We have reviewed the testimony of Maresca's sole medical expert in its entirety

and agree with the District Court that his testimony does not satisfy these requirements.

Dr. Felder did not articulate an opinion to any degree of medical certainty that either Dr.

Mancall or the Hospital breached any requisite standard of care or caused harm to

---

[1]The District Court's jurisdiction was based on 28 U.S.C. § 1332. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision to grant judgment as a matter of law. See LaVerdure v. County of Montgomery, 324 F.3d 123, 125 (3d Cir. 2003). "A court should grant such a motion only 'if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability.'" Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78, 88 (3d Cir. 2000) (quoting Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1166 (3d Cir. 1993)).

3

Maresca. In the absence of such testimony, the District Court was bound to grant judgment as a matter of law in the Defendants' favor.

We are aware of Maresca's continued attempts to rely on Dr. Felder's report dated November 22, 2002. We are also aware that the District Court repeatedly informed Maresca that Dr. Felder's report, while sufficient to defeat the Defendants' motions for summary judgment, was never admitted into the trial record and thus could not be considered by the jury. At bottom, regardless of what his report states, Dr. Felder's testimony did not provide sufficient evidence from which the jury could have found in Maresca's favor on two essential elements of his claim.

For these reasons, we will affirm the District Court's order granting judgment as a matter of law in favor of the Defendants.[2] We deny the motion by Charles Deng to

---

[2]     The District Court judgment which we affirm reads as follows:

> "AND NOW, this 7th day of May, 2004, it is hereby ORDERED that the Motion for Judgment as a Matter of Law filed by Thomas Jefferson University Hospital ("TJUH") (Doc. No. 79) and the Motion for Judgment as a Matter of Law filed by Defendant Elliot L. Mancall, M.D. ("Dr. Mancall") (Doc. No. 80) are GRANTED with prejudice
>
> Pursuant to the provisions of Rule 41.1(b) of the Local Rules of Civil Procedure, it is further ORDERED that this matter be DISMISSED with prejudice. The Clerk of Court is directed to statistically close this matter."

The grant of summary judgment and the dismissal of the complaint are inconsistent. Cheminor Drugs Ltd. V. Ethyl Corp., 168 F.3d 119, 121 n.2 (3d Cir. 1999). In any event, Local Rule of Civil Procedure of the Eastern District 41.1(b)

4

proceed as <u>amicus</u> <u>curiae</u>.  <u>See</u> Fed. R. App. P. 29(b); <u>Neonatology Assocs., P.A. v.</u>

<u>Comm'r of Internal Revenue</u>, 293 F.3d 128 (3d Cir. 2002).

---

pertains to settlement rather than adjudicated cases.