533 A.2d 836

Edward B. Keeler, Appellant *v.* Everett Area School District, et al., Appellees.

Argued October 8, 1987, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Ronald Keeler,* for appellant.

*Louis C. Long,* with him, *Walter F. Wall, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellees.

*Mark P. Widoff, Widoff, Reager, Selkowitz & Adler, P.C.,* for amicus curiae, Pennsylvania Association of Elementary and Secondary School Principals.

OPINION BY SENIOR JUDGE BARBIERI: November 25, 1987:

This is an appeal by Edward B. Keeler (Appellant) from an order of the Court of Common Pleas of Bedford County granting a motion for summary judgment dismissing Appellant's defamation action on the grounds that the complaint did not fall within any of the enumerated exceptions to what is commonly called the Political Subdivision Tort Claims Act, now 42 Pa. C. S. §§8541-8564. We affirm.

On June 6, 1984, the principal of Everett High School, Appellee Joseph Summerville, sent Appellant's parents a letter notifying them that their son had been suspended for three days for "misconduct while on a school-sponsored field trip." Notification of the suspen-

sion was also sent to the Secretary of the school board as required by the Public School Code of 1949, Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §13-1318. Based on this communication, Appellant sued the school district, school board president, superintendant and principal for defamation of character and intentional infliction of emotional distress.

The facts underlying the suspension are that Appellant and three of his classmates were apprehended by security personnel at King's Dominion Amusement Park in Virginia for possession of marijuana while there on a school trip. While Appellant was not arrested, he did make an admission that he had in fact handled a marijuana cigarette. When the students returned from the trip, the suspension notice which forms the basis of this action was mailed to Appellant's parents and the school board secretary.

Appellant now concedes that the school district is entitled to governmental immunity under 42 Pa. C. S. §8541 and we accordingly affirm the order of the trial court with regard to this defendant. In addition, Appellant does not state or argue a basis for liability against defendants school board president or superintendant. Neither of these defendants was involved in nor a party to the communication complained of and the trial court's opinion with regard to these defendants is also affirmed. This leaves the principal as the only remaining defendant we must consider.

Appellant does not dispute that the principal was acting within the scope of his employment in sending out a notice of suspension and that he was required by law to send it to the persons who received it. An employee making such a communication is ordinarily immune from suit under 42 Pa. C. S. §8546(2). *Thorpe v. Danby,* 68 Pa. Commonwealth Ct. 138, 448 A.2d 676 (1982).

Appellant argues that the principal's conduct falls under the 42 Pa. C. S. §8550 exception to immunity in that he acted with actual malice or willful misconduct. Such would be the case if Appellee had knowingly sent out a false communication to persons not authorized or privileged to receive the suspension notice under 24 P.S. §13-1318. In the present case none of these conditions have been met. There has been no publication of defamatory material to one who is not required to receive the notice by statute. *Chicarella v. Passant,* 343 Pa. Superior Ct. 330, 494 A.2d 1109 (1985). There has been no false communication, the Appellant was suspended for misconduct. *Bobb v. Kraybill,* 354 Pa. Superior Ct. 361, 511 A.2d 1379 (1986). Finally, we find no willful misconduct in a school principal sending a notice of suspension that he was required by law to send.

In closing, we note that Appellant initially sued four defendants. Upon reflection, he concedes one is immune, he does not even address argument to two others and fails to prove a single element of defamation against the remaining defendant. Accordingly, we find no merit in any of Appellant's contentions and affirm the order of the trial court.

### ORDER

Now, November 25, 1987, the order of the Bedford County Court of Common Pleas at No. 932 of 1984 is affirmed.